IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMARYLLIS DIAZ | ) | CASE NO. |
| 1744 Reid Avenue | ) | |
| Lorain, Ohio 44052 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| RUSH INN, INC. | ) | |
| 35840 Chester Road | ) | **JURY DEMAND ENDORSED** |
| Avon, Ohio 44011 | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| Rush Inn, Inc. | ) | |
| c/o Kenneth Rush | ) | |
| 4221 Queens Gate | ) | |
| Avon, Ohio 44011 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Amaryllis Diaz, by and through undersigned counsel, as her Complaint against

the Defendant, states and avers the following:

## PARTIES AND VENUE

1. Diaz is a resident of the city of Lorain, county of Lorain, state of Ohio.

2. Rush Inn, Inc. ("Rush Inn") is a domestic corporation that operated a business located at 35840

    Chester Road, Avon, Ohio 44011.

3. During all material events asserted herein, Rush Inn is an employer within the meaning of

    42 U.S.C. 126 § 12101 *et seq.*

4. During all material events asserted herein, Rush Inn is an employer within the meaning of R.C.

    § 4112.01 *et seq.*

5. During all material events asserted herein, Rush Inn is an employer within the meaning of 29 U.S.C. § 2601 *et seq.*

## JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 in that Diaz is alleging federal law claims under The Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq.* and The Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

7. All material events alleged in this Complaint occurred in Lorain County.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Diaz filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02263 against Rush Inn.

10. On February 7, 2021, the EEOC issued and mailed a Notice of Right to Sue letter regarding Diaz's EEOC Charge of Discrimination.

11. Diaz has received a Notice of Right to Sue letter from the EEOC, in accordance with 42 U.S.C. 2000e-5(f)(1), which is attached hereto as Exhibit 1.

12. Diaz has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

13. Diaz filed this Complaint within 90 days of receiving the Notice of Right to Sue letter.

## FACTS

14. Diaz is a former employee of Rush Inn.

15. Diaz began working for Rush Inn on or around January 8, 2018.

16. Rush Inn employed Diaz as a manager.

17. Diaz had a strong history of performance with Rush Inn.

18. Diaz consistently received pay raises.

19. Diaz did not have any history of meaningful discipline.

20. Ashley Zajac was Diaz's immediate supervisor.

21. During all material events asserted herein, Zajac has and/or had authority to hire, fire, and/or discipline employees.

22. Zajac did not participate in the decision to hire Diaz.

23. Diaz suffers from Hidradentis Suppurativa ("HS").

24. Defendant was not aware at the time of hiring Diaz that she suffered from HS.

25. HS is a chronic skin condition resulting in inflammation and infection of sweat glands. The inflammation from HS causes skin lesions of various sizes that often cause patients severe discomfort and enlarge with time, requiring medical intervention. HS causes recurring inflammation and skin lesions and there is no cure. Due to the regions that can be impacted, HS patients sometimes must take time off from work and/or school for medical treatment.

26. Diaz's HS constituted a physical impairment.

27. Diaz's HS substantially impaired one or more of her major life activities, such as working.

28. As a result of suffering from HS, Diaz is disabled.

29. Alternatively, Defendant perceived Diaz to be disabled.

30. Despite any real or perceived disability, Diaz was capable of performing her essential job functions with or without reasonable accommodation(s).

31. At the beginning of 2020, Diaz disclosed that she suffered from HS to Zajac.

32. At the beginning of 2020, Defendant was put on notice that Diaz suffered from a disability.

3

33. Diaz disclosed to Zajac that due to intermittent flares with her HS she may occasionally need time off work.

34. Diaz's request to occasionally take time off work due to intermittent flares with her disability was a request for an accommodation ("Diaz Accommodation Request").

35. The Diaz Accommodation Request was reasonable.

36. Defendant did not make any accommodation following the Diaz Accommodation Request.

37. Defendant failed to provide Diaz with a reasonable accommodation.

38. In or around the end of June 2020, Diaz's HS flared and caused large skin lesions ("June HS Flare").

39. Due to the June HS Flare, Diaz was unable to wear a bra and adequately cover herself for work.

40. Due to the June HS Flare, Diaz sought medical advice from her physician.

41. As a result of the June HS Flare, Diaz's physician ordered her to take time away from work for treatment until Diaz's HS improved ("June Accommodation Request").

42. Diaz immediately notified Zajac of the June Accommodation Request on July 1, 2020.

43. Diaz informed Zajac that she had documentation confirming the June Accommodation Request.

44. On or around July 1, 2020, Diaz qualified for Family Medical Leave Act ("FMLA") leave in connection with her disability.

45. Rush Inn is a covered employer under the Family Medical Leave Act (FMLA).

46. As of July 1, 2020, Diaz worked for Rush Inn for at least 12 months.

47. As of July 1, 2020, Diaz had at least 1,250 hours of service for Rush Inn during the previous 12 months.

48. On or around July 1, 2020, Diaz requested leave due to her disability.

49. On or around July 1, 2020, Defendant was aware that Diaz suffered from her disability.

4

50. On or around July 1, 2020, Defendant was aware that Diaz had to take time off work to treat her disability.

51. Defendant had sufficient knowledge that Diaz suffered from a serious medical condition.

52. Defendant failed to advise Diaz of her rights to utilize FMLA leave.

53. Defendant did not provide Diaz a Notice of Eligibility of her rights to utilize FMLA leave.

54. In failing to notify Diaz of her rights pursuant to the FMLA, Defendant interfered with Diaz's rights under the FMLA.

55. The June Accommodation Request due to Diaz's disability qualified for protection under the FMLA.

56. In response to the June Accommodation Request, Zajac told Diaz that she had to "come into work or apply for unemployment."

57. On or around July 1, 2020, Zajac texted Diaz to relay that Kenneth Rush was going to terminate her employment for missing days according to the June Accommodation Request.

58. Rush was the owner of the Rush Inn.

59. During all material events asserted herein, Rush has and/or had authority to hire, fire, and/or discipline employees.

60. On or around July 1, 2020, Defendant terminated Diaz's employment.

61. Defendant terminated Diaz's employment due to her disability.

62. Alternatively, Defendant terminated Diaz's employment because it perceived her to be disabled.

63. Defendant terminated Diaz's employment to prevent her from taking legally protected leave under the FMLA.

64. Upon information and belief, Defendant has a progressive disciplinary policy ("Progressive Discipline Policy").

65. Defendant has used the Progressive Discipline Policy when disciplining non-disabled employees.

66. Alternatively, Defendant has used the Progressive Discipline Policy when disciplining employees it did not perceive to be disabled.

67. Under the Progressive Discipline Policy, Diaz had not received any meaningful discipline.

68. Under the Progressive Discipline Policy, Diaz had not received any verbal warnings.

69. Under the Progressive Discipline Policy, Diaz had not received any written warnings.

70. Under the Progressive Discipline Policy, Diaz had not been suspended.

71. Defendant skipped steps under the Progressive Discipline Policy when it terminated Diaz's employment.

72. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

73. Skipping steps under the Progressive Discipline Policy is an adverse action.

74. Defendant intentionally skipped steps under the Progressive Discipline Policy when it terminated Diaz's employment.

75. Defendant willfully made the decision to skip steps under the Progressive Discipline Policy when it terminated Diaz's employment.

76. Terminating Diaz's employment was an adverse employment action.

77. Terminating Diaz's employment was an adverse action.

78. Defendant intentionally terminated Diaz's employment.

79. Defendant willfully made the decision to terminate Diaz's employment.

80. Defendant terminated Diaz's employment in violation of the Progressive Discipline Policy because she was disabled.

81. Alternatively, Defendant terminated Diaz's employment in violation of the Progressive Discipline Policy because it perceived her to be disabled.

82. Defendant terminated Diaz's employment in violation of the Progressive Discipline Policy in an effort to prevent her from taking legally protected leave under the FMLA.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 126 § 12101 *et seq.*

83. Diaz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Diaz suffers from HS.

85. Diaz's HS constituted a physical impairment.

86. Diaz's HS substantially impaired one or more of her major life activities, such as working.

87. As a result of suffering from HS, Diaz is disabled.

88. Alternatively, Defendant perceived Diaz to be disabled.

89. Despite any real or perceived disability, Diaz was capable of performing her essential job functions with or without reasonable accommodation(s).

90. At the beginning of 2020, Diaz disclosed that she suffered from HS to Zajac.

91. At the beginning of 2020, Defendant was put on notice that Diaz suffered from a disability.

92. Defendant treated Diaz differently than other similarly-situated employees based on her disabling condition.

93. Alternatively, Defendant treated Diaz differently than other similarly-situated employees based on her perceived disabling condition.

94. On or about July 1, 2020, Rush Inn terminated Diaz's employment without just cause.

95. Defendant terminated Diaz's employment based her disability.

96. Alternatively, Defendant terminated Diaz's employment based her perceived disability.

97. Defendant violated 42 U.S.C. 126 § 12101 *et seq*. when it discharged Diaz based on her disability.

98. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 *et seq*. when it discharged Diaz based on her perceived disability.

99. Defendant violated 42 U.S.C. 126 § 12101 *et seq*. by discriminating against Diaz based on her disabling condition.

100. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 *et seq*. by discriminating against Diaz based on her perceived disabling condition.

101. Diaz suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq*.

102. As a direct and proximate result of Defendant's conduct, Diaz suffered and will continue to suffer damages, including economic and emotional distress damages.

## **COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.**

103. Diaz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Diaz suffers from HS.

105. Diaz's HS constituted a physical impairment.

106. Diaz's HS substantially impaired one or more of her major life activities, such as working.

107. As a result of suffering from HS, Diaz is disabled.

108. Alternatively, Defendant perceived Diaz to be disabled.

109. Despite any real or perceived disability, Diaz was capable of performing her essential job functions with or without reasonable accommodation(s).

110. At the beginning of 2020, Diaz disclosed that she suffered from HS to Zajac.

111. At the beginning of 2020, Defendant was put on notice that Diaz suffered from a disability.

112. Defendant treated Diaz differently than other similarly-situated employees based on her disabling condition.

113. Defendant treated Diaz differently than other similarly-situated employees based on her perceived disabling condition.

114. On or about July 1, 2020, Defendant terminated Diaz's employment without just cause.

115. Defendant terminated Diaz's employment based her disability.

116. Defendant terminated Diaz's employment based her perceived disability.

117. Defendant violated R.C. § 4112.01 *et seq*. when it discharged Diaz based on her disability.

118. Defendant violated R.C. § 4112.01 *et seq*. when it discharged Diaz based on her perceived disability.

119. Defendant violated R.C. § 4112.01 *et seq*. by discriminating against Diaz based on her disabling condition.

120. Defendant violated R.C. § 4112.01 *et seq*. by discriminating against Diaz based on her perceived disabling condition.

121. Diaz suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

122. As a direct and proximate result of Defendant's conduct, Diaz suffered and will continue to suffer damages, including economic and emotional distress damages.

### <u>COUNT III: FAILURE TO ACCOMODATE UNDER THE AMERICANS WITH DISABILITY ACT</u>

123. Diaz informed Defendant of her disabling condition.

124. Diaz requested accommodations from Defendant to assist with her disabilities, including taking time off work to seek treatment.

125. Diaz's requested accommodations were reasonable.

126. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

127. Defendant failed to engage in the interactive process of determining whether Diaz needed an accommodation.

128. Defendant failed to provide an accommodation.

129. Defendant violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 *et seq.*

130. As a direct and proximate result of Rush Inn's conduct, Diaz suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT IV: FAILURE TO ACCOMODATE UNDER R.C. § 4112.01 *et seq.*

131. Diaz informed Defendant of her disabling condition.

132. Diaz requested accommodations from Defendant to assist with her disabilities, including taking time off work to seek treatment.

133. Diaz's requested accommodations were reasonable.

134. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

135. Defendant failed to engage in the interactive process of determining whether Diaz needed an accommodation.

136. Defendant failed to provide an accommodation.

137. Defendant violated R.C. § 4112.01 *et seq.* by failing to provide Diaz a reasonable accommodation.

138. Diaz suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

139. As a direct and proximate result of Defendant's conduct, Diaz suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

140. Diaz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

141. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

142. Rush Inn is a covered employer under the FMLA.

143. During her employment, Diaz qualified for FMLA leave.

144. As of July 1, 2020, Diaz worked for Rush Inn for at least 12 months.

145. As of July 1, 2020, Diaz had at least 1,250 hours of service for Rush Inn during the previous 12 months.

146. On or around July 1, 2020, Diaz requested leave due to her disability.

147. On or around July 1, 2020, Defendant was aware that Diaz suffered from her disability.

148. On or around July 1, 2020, Defendant was aware that Diaz had to take time off work to treat her disability.

149. Defendant had sufficient knowledge that Diaz suffered from a serious medical condition.

150. During her employment, Diaz attempted to take leave that should have been protected under the FMLA when she made the June Accommodation Request.

151. Defendant failed to properly advise Diaz of her rights under the FMLA.

152. Defendant did not provide Diaz a Notice of Eligibility of her rights to utilize FMLA leave.

153. Defendant unlawfully interfered with Diaz's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

154. On or around July 1, 2020, Defendant terminated Diaz's employment.

155. Defendant's act of terminating Diaz's employment without notifying her of her FMLA rights when she qualified for FMLA leave violated and interfered with Diaz's FMLA rights.

156. Defendant violated section 825.300(c)(1) of the FMLA and interfered with Diaz's FMLA rights when Defendant did not honor Diaz 's approved use of FMLA leave.

157. As a direct and proximate result of Defendant's conduct, Diaz is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Diaz demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Diaz to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Diaz for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Diaz claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Fred M. Bean*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email:  fred.bean@spitzlawfirm.com
          taurean.shattuck@spitzlawfirm.com

*Attorneys For Plaintiff*

## **JURY DEMAND**

Plaintiff Amaryllis Diaz demands a trial by jury by the maximum number of jurors permitted.

/s/ *Fred M. Bean*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**